**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KEITH WESLEY EDWARDS and LAKOTA NATIVE AMERICAN GOVERNMENT, | ) )  ) |
| Plaintiffs, | ) ) |
| v. | )    Case No. CIV-26-00624-JD ) |
| RICK WARREN, Court Clerk, | ) ) |
| Defendant. | ) |

**ORDER**

Before the Court is United States Magistrate Judge Shon T. Erwin's Report and Recommendation ("R. & R.") [Doc. No. 5] issued on April 29, 2026. Judge Erwin's R. & R. [Doc. No. 5] was issued pursuant to Judge Erwin's referral from the undersigned judge under the authority in 28 U.S.C. § 636(b)(1)(B) and (C). [*See* Doc. No. 4].

Judge Erwin recommends that the Court dismiss the complaint [Doc. No. 1] without prejudice for failure to state a claim upon which relief may be granted. [Doc. No. 5 at 6]. Judge Erwin advised Plaintiffs of their right to file an objection to the R. & R. with the Clerk of Court by May 18, 2026, and explained that failure to timely object waives the right to appellate review of both factual and legal issues contained in the R. & R. [*Id.* (citing 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010))].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir.

1996). By not objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). The following two exceptions to the waiver rule exist: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review, which include "a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Id.* at 1120.

Plaintiffs failed to file a timely objection to the R. & R. by the deadline of May 18, 2026, and therefore waived their right to challenge the recommended disposition. "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, considering the factors, the interests of justice do not warrant an exception to the waiver rule in this case. *See Morales-Fernandez*, 418 F.3d at 1120. The Court thus adopts the R. & R.

2

Even if the Court were to consider Plaintiffs' untimely objection, [*see* Doc. No. 6],[1] Plaintiffs point the Court to no factual or legal errors in the R. & R. As noted above, an objection must be both timely and specific "to preserve an issue for de novo review by the district court or for appellate review." *2121 E. 30th St.*, 73 F.3d at 1060. Plaintiffs contend that the magistrate judge has no authority to issue the R. & R., but that is not a correct statement of the law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Alternatively, even under a de novo review of the record and applicable law, the Court concludes that dismissal is proper for the reasons given by the R. & R.

Accordingly, the Court **ACCEPTS** the Report and Recommendation [Doc. No. 5] and **DISMISSES** Plaintiffs' action without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 9th day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs' objection was filed on June 5, 2026, after the deadline of May 18, 2026. The objection indicates it is dated "5/29/2026," and it is postmarked June 2, 2026. [*See* Doc. No. 6 at 1; Doc. No. 6-1]. Consequently, it is not timely.